**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

FREDRICK MASON,
ADC #109138                                                                                    PLAINTIFF

v.                                        5:12-cv-00160-SWW-JTK

WENDY KELLY, et al.                                                                    DEFENDANTS

<u>**ORDER**</u>

By Order dated May 10, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed

<u>in forma pauperis</u> in this action filed pursuant to 42 U.S.C. § 1983.  However, finding Plaintiff's

Complaint too vague and conclusory to enable the Court to determine whether it is frivolous, fails

to state a claim, or states a legitimate claim, the Court directed him to submit an Amended

Complaint within thirty days.  The Court also cautioned Plaintiff that an Amended Complaint would

render the Original Complaint without legal effect, and would take the place of his Original

Complaint. Plaintiff has now submitted an Amended Complaint (Doc. No. 6).  Having reviewed the

Amended Complaint, it now appears to the Court that service is appropriate for Defendants Wade,

Thompson, Warren, Thomas, Collins, and Patrick.   Accordingly,

IT IS, THEREFORE, ORDERED that service is appropriate for the Defendants Wade,

Thompson, Warren, Thomas, Collins, and Patrick.  The Clerk of the Court shall prepare summons

for the Defendants and the United States Marshal is hereby directed to serve a copy of the Amended

Complaint (Doc. No. 6) and summons on Defendants Thomas, Collins, and Patrick, in care of the

Arkansas Board of Correction and Community Punishment Compliance Division, P.O. Box 20550,

Pine Bluff, AR 71612-0550, without prepayment of fees and costs or security therefore.  The United

States Marshall is directed to serve a copy of the Amended Complaint (Doc. No. 6) and summons

1

on the Defendants Wade, Thompson, and Warren, in care of Humphries and Lewis Law Firm, P.O.

Box 20670, White Hall, AR 71612, without prepayment of fees and costs or security therefore.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. No. 5) is

DENIED without prejudice at this time.[1]

IT IS SO ORDERED this 15th day of June, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]

While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id.. at 1322-23.

Having considered the above factors, the Court finds that Plaintiff's Motion should be denied. Plaintiff's claims are not legally or factually complex and he appears capable at this time of litigating this matter, pro se. Therefore, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.