**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FREDRICK MASON,
ADC #109138                                                                                                PLAINTIFF

v.                                            5:12-cv-00160-SWW-JTK

WENDY KELLY, et al.                                                                                DEFENDANTS

**ORDER**

By Order dated May 10, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. However, finding Plaintiff's Complaint too vague and conclusory to enable the Court to determine whether it is frivolous, fails to state a claim, or states a legitimate claim, the Court directed him to submit an Amended Complaint within thirty days. The Court also cautioned Plaintiff that an Amended Complaint would render the Original Complaint without legal effect, and would take the place of his Original Complaint. Plaintiff has now submitted an Amended Complaint (Doc. No. 6). Having reviewed the Amended Complaint, it now appears to the Court that service is appropriate for Defendants Wade, Thompson, Warren, Thomas, Collins, and Patrick. Accordingly,

IT IS, THEREFORE, ORDERED that service is appropriate for the Defendants Wade, Thompson, Warren, Thomas, Collins, and Patrick. The Clerk of the Court shall prepare summons for the Defendants and the United States Marshal is hereby directed to serve a copy of the Amended Complaint (Doc. No. 6) and summons on Defendants Thomas, Collins, and Patrick, in care of the Arkansas Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, AR 71612-0550, without prepayment of fees and costs or security therefore. The United States Marshall is directed to serve a copy of the Amended Complaint (Doc. No. 6) and summons

1

on the Defendants Wade, Thompson, and Warren, in care of Humphries and Lewis Law Firm, P.O. Box 20670, White Hall, AR 71612, without prepayment of fees and costs or security therefore.

    IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. No. 5) is DENIED without prejudice at this time.[1]

    IT IS SO ORDERED this 15th day of June, 2012.

                                                JEROME T. KEARNEY
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id.. at 1322-23.

    Having considered the above factors, the Court finds that Plaintiff's Motion should be denied. Plaintiff's claims are not legally or factually complex and he appears capable at this time of litigating this matter, pro se. Therefore, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.