**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FREDRICK MASON,
ADC #109138                                                                    PLAINTIFF

5:12CV00160-SWW-JTK

WENDY KELLY, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Wade and Warren (Doc. No. 63).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 67).

Plaintiff Fredrick Mason is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations of failure to protect and deliberate indifference to his serious medical needs, resulting from an incident which occurred on August 10, 2010, when he was stabbed by a fellow inmate.  Plaintiff asks for monetary and injunctive relief from Defendants.  Defendant Wade was a nurse at the Unit at the time of the incident, and Defendant Warren was the physician on staff at the Unit.  The remaining Defendants were dismissed on July 3, 2012 (Doc. No. 10), and October 12, 2012 (Doc. No. 38).

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Failure to Exhaust

#### 1.   Defendants' Motion

In support of their Motion, Defendants state that Plaintiff's Complaint should be dismissed for failure to completely exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.   In support, Defendants present the Affidavit of Sherrie Williams, an ADC Medical Grievance Investigator, who states that between August 9, 2010 (the day before Plaintiff was stabbed), and May 4, 2012 (the day Plaintiff filed this lawsuit), Plaintiff filed five medical grievances.  (Doc. No. 63-3, p. 1.)  However, Plaintiff did not exhaust any of these grievances, as each of the appeals were rejected due to his failure to follow the

grievance policy by attaching necessary documents.  (Id., pp. 1-2.)  (See also grievances, Doc. No. 63-4.)  Defendants also state that the grievance policies in effect at the time – Administrative Directives (AD) 09-01 and 10-32 – specifically provide that inmates should include with their appeal the original grievance form which describes the matter grieved, together with the Warden/Center Supervisor Decision or the Health Services Response form.  AD 09-01.IV.G and AD 10-32.IV.G.2, (Doc. Nos. 63-1, p. 11 and 63-2, p. 11.)  The policies also state that failure to include these documents could result in the rejection of an appeal.  (Id.)

Defendants state that because Plaintiff's appeals were rejected and decisions were not rendered on the merits, he failed to exhaust his administrative remedies as required by the PLRA, citing Booth v. Churner, 532 U.S. 731, 739 (2001), and Jones v. Bock, 549 U.S. 199, 218 (2007).

### 2.      Plaintiff's Response

In his Response, Plaintiff asks the Court to deny or stay ruling on Defendants' Motion, claiming Defendants failed to fully comply with Court-ordered discovery.  He claims denial of meaningful access to documents and exhibits, and the inability to take depositions of witnesses.

### 3.      Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 532 U.S. at 741, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated

exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000).   In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.)   Finally, in Jones v. Bock, 549 U.S. at 218, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."       The Declaration of Sherrie Williams, together with the copies of the grievances at issue, clearly show that Plaintiff's grievances were not completely exhausted as required by the PLRA.  In his Response, Plaintiff does not address the exhaustion defense, and he does not specifically identify any documents he claims Defendants failed to provide him.  The Court also notes that on May 14, 2013 (Doc. No. 62), the Court granted in part Plaintiff's Motion for Discovery, and Defendants provided him with his requested lists of nurses and statements on May 20, 2013 (Doc. No. 66).  However, Plaintiff did not claim in his Motion for Discovery (Doc. No. 58), that Defendants were withholding from him evidence relevant to the exhaustion issue.  Therefore, the Court finds that Plaintiff's request to deny or stay Defendants' Motion, based on their alleged failure to provide him with needed discovery, should be denied, as irrelevant to the exhaustion issue.

**B.      Other Issues**

In light of the Court's conclusion that Plaintiff failed to completely exhaust his administrative remedies prior to filing this lawsuit, the Court will not address Defendants' remaining arguments in support of their Summary Judgment Motion.  See Johnson v. Jones, where the Court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed.  340 F.3d at 627.  See also Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc).

**III.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that the Motion for Summary Judgment filed by Defendants Wade and Warren (Doc. No. 63) be GRANTED, and that Plaintiff's Complaint against them be DISMISSED without prejudice.

IT IS SO ORDERED this 11th day of June, 2013.


_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE